SUMMARY ORDER

Petitioner Zai Hong Zhu, a native and citizen of China, seeks review of a July 11, 2008 order of the BIA affirming the August 15, 2007 decision of Immigration Judge (“IJ”) Paul E. DeFonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zai Hong Zhu, No. A 94 798 096 (B.I.A. July 11, 2008), aff'g No. A 94 798 096 (Immig. Ct. N.Y. City Aug. 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination which was based on: (1) the inconsistency between Zhu’s asylum application and his testimony concerning why the police visited his home after he was released from detention; (2) the inconsistency in his testimony regarding when he received the letter from his father that he submitted in support of his application; and (3) the omission from his father’s letter of any assertion that police were searching for Zhu after he left China. Contrary to Zhu’s argument, no reasonable factfinder would have been compelled to credit his explanations for these discrepancies. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Zhu also asserts that the IJ erred in relying on these discrepancies because they were too “minor” to support an adverse credibility determination. However, under the REAL ID Act, which applies to Zhu’s application for relief, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 534 F.3d at 167 (emphasis in original). Additionally, the IJ properly found that Zhu’s deficient corroboration rendered him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Taken as a whole, the IJ’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Zhu’s applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is hereby DENIED. Having completed our review, we DISMISS the *838 petitioner’s pending motion for a stay of removal as moot.